

# The Attorney General of Texas

September 4, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Dr. Lauro F. Cavazos, President
Texas Tech University
Texas Tech University Health
  Sciences Center
P. O. Box 4349
Lubbock, Texas  79409

Opinion No. MW-231

Re: Whether a state medical school is required to obtain a certificate of need or an exemption certificate from the Texas Health Facilities Commission

Dear President Cavazos:

You have requested our opinion regarding whether a state medical school is required to obtain a certificate of need or an exemption certificate from the Texas Health Facilities Commission. Section 3.01(a) of article 4418h, V.T.C.S., provides:

> Each person must obtain from the commission a certificate of need or an exemption certificate in accordance with this Act for a proposed project to:
>
> (1) expand or substantially expand a service currently offered or provide a service not currently offered by the facility;
>
> (2) construct a new facility or change the bed capacity of an existing facility;
>
> (3) modify an existing facility;
>
> (4) convert a structure into a health-care facility;
>
> or
>
> (5) organize an HMO.

"Person" is defined by the statute as:

> an individual, sole proprietorship, charity, trust, estate, institution, group, association, firm, joint venture, partnership, joint stock company, cooperative, corporation, the state or a political subdivision

or instrumentality of the state, the federal government or a political subdivision or instrumentality of the federal government, any receiver, trustee, assignee, or other similar representative or any other legal entity.

Section 1.03(14).   As to the scope of "facility" for purposes of section 3.01(a), the statute states:

> (9) 'Health-care facility,' referred to as 'facility,' includes, regardless of ownership, but is not limited to, a public or private hospital, institution, extended care facility, skilled nursing facility, intermediate care facility, home health agency, outpatient care facility, outpatient surgical and single procedure facility, ambulatory healthcare facility, health center, family planning clinic, kidney disease treatment facility, radiation therapy facility, alcoholism and drug treatment facility, health maintenance organization, and other specialized facilities where inpatient or outpatient health-care services for observation, diagnosis, active treatment, or overnight care for patients with obstetrical, medical, mental or psychiatric, surgical, tubercular, alcoholic, chronic, or rehabilitative conditions are provided requiring daily direct supervision by a physician or a practitioner of the healing arts, but does not include the office of those physicians or practitioners singly or in groups in the conduct of their profession.

Section 1.03(9).

On its face, article 4418h clearly embraces a state medical school within its definition of "person," as an "instrumentality of the state." In the definition of "health care facility," no exception is provided for a state medical school, although the offices of physicians and practitioners are specifically excluded. Although you contend that the application of article 4418h to a state medical school would subject such an institution to regulation by the Health Facilities Commission, in addition to regulation by its board of regents and by the Coordinating Board of the Texas College and University System, we do not believe that such a result is either unreasonable or without precedent. In Attorney General Opinion H-464 (1974), for example, this office held that the University of Texas might hold a mixed beverage permit from the Texas Alcoholic Beverage Commission.

Inclusion of a state medical school within the ambit of article 4418h, however, does not mean that all, or even most, of its activities are subject to regulation by the Health Facilities Commission. A certificate of need or an exemption certificate is required only when an entity proposes a project within the meaning of subdivisions 1-5 of subsection (a) of section 3.01(d). Furthermore, a state medical school is not a "facility" per se. Only where such an institution proposes the construction, expansion or modification of a "facility" within the terms of section 1.03(9) does the requirement

arise.  The "facility" which is the subject of the proposal must, in accordance with the statute, provide:

> inpatient or outpatient health-care services for observation, diagnosis, active treatment, or overnight care for patients with obstetrical, medical, mental or psychiatric, surgical, tubercular, alcoholic, chronic, or rehabilitative conditions. . . requiring daily direct supervision by a physician or a practitioner of the healing arts.

Within these limits, we believe that any entity, including a state medical school, must obtain a certificate of need or an exemption certificate from the Health Facilities Commission for any proposed project covered by subdivisions (1)-(5) of subsection (a) of section 3.01.  Of course, whether any particular project is included within the scope of the Commission's regulatory power is a fact question to be determined in the first instance by the Commission itself.

## SUMMARY

> A state medical school is required to obtain a certificate of need or an exemption certificate from the Health Facilities Commission before commencing any project included within subdivisions (1)-(5) of subsection (a), section 3.01, article 4418h, V.T.C.S.  Whether any particular project is included within those provisions is a fact question to be determined in the first instance by the Health Facilities Commission.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Jerry Cain
Susan Garrison
Rick Gilpin